# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

THOMAS THOME                                                              PLAINTIFF

v.                                                        CIVIL ACTION NO. 3:17-CV-269-CRS

MATT BEVIN et al.                                                DEFENDANTS

## MEMORANDUM OPINION AND ORDER

*Pro se* Plaintiff, Thomas Thome, filed the instant action pursuant to 42 U.S.C. § 1983. Because Plaintiff is proceeding *in forma pauperis* under 28 U.S.C. § 1915, the Court must undertake a preliminary review of the complaint. *See* 28 U.S.C. § 1915(e); *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, the action will be dismissed in part and allowed to continue in part.

## I. SUMMARY OF CLAIMS

Plaintiff was a state inmate at the Kentucky State Reformatory (KSR). He states that he was released on April 29, 2016, from KSR "upon a serve out of his imposed sentence on conditional discharge." He alleges that his constitutional rights were violated because he was not released from custody at that time but was instead sent to Transitions Halfway House in Newport, Kentucky. Plaintiff names as Defendants Matt Bevin, Governor of Kentucky; unknown Defendants in the Governor's Office; Rodney Ballard, Commissioner for the Kentucky Department of Corrections (KDOC); James Erwin, KDOC Deputy Commissioner; Aaron Smith, Warden of the Kentucky State Reformatory (KSR); Anna Valentine, KSR Deputy Warden; Ronyell Shirley, KSR Re-Entry Program Administrator; Ms. Williams and Hilary Rucker, both KSR Re-Entry/Records specialists; Kimberly Thompson, KSR Unit Administrator; Ben

Mitchell, KSR Assistant Unit Administrator; Josephine Jacovino and Robert Bearden, both KSR case treatment officers; unknown Defendants in the Department of Probation and Parole; and Cassandra West and Nicole Wilder, both Probation and Parole Officers. His claims are brought against Defendants in both their individual and official capacities.

Plaintiff alleges that his constitutional rights were continuously violated at the Transitions Halfway House until he was transferred to another halfway house located in Louisville, Kentucky. He specifically alleges that he "continually was subjected to cruel and unusual punishment, mental and emotional distress and the unnessary and wanton infliction of pain all in violation of Plaintiff's rights under his 5th, 6th, 8th and 14th Amendments . . . under color of law." He alleges that Defendants Shirley and Williams knew or should have known that he had "served out his sentence on conditional discharge and was to be released from state custody without further supervision as the record reflects" but that they allowed Plaintiff to remain in state custody for at least 43 days past his serve out. He also alleges that Defendants Rucker, Thompson, Mitchell, Jacovino, Bearden, West, and Wilder failed to ensure that he was released without supervision despite being presented with documentation to that effect.

As relief, Plaintiff asks for damages and injunctive relief in the form of establishment of a board to oversee all divisions of agencies involved in the release of prisoners.

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 608. Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally

frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## A. REQUEST FOR INJUNCTIVE RELIEF

The only injunctive relief that Plaintiff seeks is the establishment of a board to oversee all divisions of agencies involved in the release of prisoners. Because Plaintiff is no longer a prisoner, his request for injunctive relief is moot. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996). Nor can Plaintiff request this relief on behalf of current prisoners. Unlicensed laymen, like Plaintiff, cannot represent anyone other than themselves in court. *See* 28 U.S.C. § 1654; *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991). The claim for injunctive relief will be dismissed.

B. **REQUEST FOR DAMAGES**

   1. *Official-capacity claims*

Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Absent either element, a § 1983 claim will not lie. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

"Official-capacity suits . . . 'generally represent [ ] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Because Defendants are employees of the Commonwealth of Kentucky, the claims brought against them in their official capacities are deemed claims against the Commonwealth of Kentucky. *See Kentucky v. Graham*, 473 U.S. at 166. State officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Additionally, the Eleventh Amendment acts as a bar to claims for monetary damages against these state-employee Defendants in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169. Thus, Plaintiff's claims against Defendants for money damages in their official capacities fail to allege a cognizable claim under § 1983 and will be dismissed.

## 2. Individual-capacity claims

### a. Fifth Amendment claim

The Fifth Amendment of the United States Constitution, which is part of the Bill of Rights, provides:

> No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

Plaintiff fails to explain how the Fifth Amendment applies to his claims. Based on the facts as alleged by Plaintiff, the Court does not believe that Plaintiff has a cognizable Fifth Amendment claim against Defendants in this instance. Specifically, the Court notes that, to the extent that Plaintiff is attempting to rely on the Due Process Clause of the Fifth Amendment, it circumscribes only the actions of the federal government. *See, e.g.*, *Sturgell v. Creasy*, 640 F.2d 843, 850 (6th Cir. 1981); *Walker v. Hughes*, 558 F.2d 1247, 1257 (6th Cir. 1977). Here, the actions of state, not federal, officials are at issue, and the Court will dismiss the Fifth Amendment claim.

### b. Sixth Amendment claim

The Sixth Amendment provides various protections for the accused in a criminal prosecution. The Sixth Amendment is inapplicable in this civil-rights action because it applies, by its terms, only to criminal prosecutions.

Specifically, the Sixth Amendment provides:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy trial and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by

5

>law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defense.

U.S. Const. amend. VI. None of the guarantees of the Sixth Amendment apply to the allegations in Plaintiff's complaint.

### C. EIGHTH AND FOURTEENTH AMENDMENT CLAIMS

An incarcerated inmate has "a liberty interest in being released at the end of his term of imprisonment." *Schultz v. Egan*, 103 F. App'x 437, 440 (2d Cir. 2004); *Davis v. Hall*, 375 F.3d 703, 712 (8th Cir. 2004) ("We have recognized a protected liberty interest in being free from wrongful, prolonged incarceration."). An incarcerated person's liberty interest in being released at the end of his term of imprisonment is most often attributed to the Due Process Clause of the Fourteenth Amendment. *See Shorts v. Bartholomew*, 255 F. App'x 46, 51-52 (6th Cir. 2007) (citing cases). The Eighth Amendment, which protects convicted individuals from cruel and unusual punishment, may also be implicated when a prisoner has been detained past his maximum release date. *Beil v. Lake Erie Corr. Records Dep't*, 282 F. App'x 363, 368 (6th Cir. 2008) ("We are aware, as a general proposition, that courts have recognized the Eighth and Fourteenth Amendment may be implicated when a prisoner is detained beyond his jail sentence.").

Plaintiff's allegations against seven Defendants in the complaint are based solely on those Defendants' failure to properly supervise their subordinates. Those Defendants are Defendants Bevin, unknown Defendants in the Governor's Office, Ballard, Erwin, unknown Defendants in the Department of Probation and Parole, Smith, and Valentine.

"[L]iability of supervisory personnel must be based on more than merely the right to control employees." *Hays v. Jefferson*, 668 F.2d 869, 872 (6th Cir. 1982). The failure of a

6

supervisor to supervise, control or train the offending employee is not actionable absent a showing that the official implicitly encouraged, authorized, approved or knowingly acquiesced in, or in some other way directly participated in, the offensive conduct. *Leach v. Shelby Cty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989). Such a claim requires, at a minimum, that the official had knowledge of the offending employee's conduct at a time when the conduct could be prevented, or that such conduct was otherwise foreseeable or predictable. *See, e.g.*, *Gibson v. Foltz*, 963 F.2d 851, 854 (6th Cir. 1992). In addition, Plaintiff must show that Defendants had some duty or authority to act. *See, e.g.*, *Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989) (holding that a lower level official was not liable for shortcomings of building); *accord Hall v. Shipley*, 932 F.2d 1147, 1154 (6th Cir. 1991) ("As a general rule, mere presence at the scene of the search, without a showing of direct responsibility for the action, will not subject an officer to [§ 1983] liability." (internal quotation marks and citation omitted)). In addition, merely bringing a problem to the attention of a supervisory official is not sufficient to impose such liability. *See Shelly v. Johnson*, 684 F. Supp. 941, 946 (W.D. Mich. 1987). Furthermore, supervisory liability claims cannot be based on simple negligence. *Leach*, 891 F.2d at 1246.

Thus, Plaintiff's claim against these Defendants premised on their mere failure to supervise must be dismissed for failure to state a claim.

The Court will allow the Eighth and Fourteenth Amendment claims to go forward against the remaining Defendants in their individual capacities.

### III. CONCLUSION AND ORDER

For the foregoing reasons,

**IT IS ORDERED** that all official-capacity claims, Plaintiff's request for injunctive relief, and the individual-capacity claims against Defendants Bevin, all of the unknown

7

Defendants, Ballard, Erwin, Smith, and Valentine are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

The Clerk of Court is **DIRECTED** to terminate as parties to this action Defendants Bevin, all unknown Defendants, Ballard, Erwin, Smith, and Valentine.

The Court will allow the following claims to proceed: Plaintiff's individual-capacity claims under the Eighth and Fourteenth Amendments against Defendants Shirley, Williams, Rucker, Thompson, Mitchell, Jacovino, Bearden, West, and Wilder.

The Court will enter a separate order regarding service. In allowing those claims to continue, the Court makes no judgment as their ultimate merit.

Date: August 24, 2017

Charles R. Simpson III, Senior Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
    General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4411.009