UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:17-CV-00269-GNS

THOMAS THOME                                                                PLAINTIFF

v.

MATT BEVIN, et al.                                                          DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motion for Summary Judgment (DN 11). The motion is ripe for adjudication. For the reasons outlined below, the motion is granted.

### I. STATEMENT OF FACTS AND CLAIMS

Plaintiff Thomas Thome ("Thome") does not dispute Defendants' account of the facts and does not offer any additional evidence in his response. Plaintiff was a prisoner at the Kentucky State Reformatory ("KSR") as a result of a guilty plea to crimes that are not relevant to this litigation. (Defs.' Mot. Summ. J. Ex. B, DN 11-3 [hereinafter Judgment of Conviction & Sentence]).

Plaintiff was discharged from KSR on April 29, 2016, and the method of discharge was Sex Offender Conditional Release ("SOCD"). (Defs.' Mot. Summ. J. Ex. A, DN 11-2). Plaintiff was conditionally discharged in accordance with the orders of the sentencing court. (Judgment of Conviction & Sentence). Because of his SOCD status, Plaintiff was moved to Transitions Halfway House in Newport, Kentucky, rather than receiving a full release. (Compl. 9-10, DN 1).

On April 28, 2016, one day before discharging Plaintiff, Department of Corrections officials reviewed Plaintiff's file and noted that "[p]er crime committed dates there should not be an SOCD requirement. KSR staff will send a Judge's letter advising Judge of the discrepancy, but

we will abide by the SOCD requirement per order." (Defs.' Mot. Summ. J. Ex. C, DN 11-4). Defendants have provided a copy of an email confirming that Wendy Walrod, the official who discovered the discrepancy and noted it in Plaintiff's file, sent an email the same day alerting other officials and again requesting that a letter be sent to the judge. (Defs.' Mot. Summ. J. Ex. D, DN 11-5).

It is unclear from the record what happened for the next month and a half, but on June 15, Defendants received an email from the Jefferson Circuit Court containing an amended judgment without the SOCD designation. (Defs.' Mot. Summ. J. Ex. E, DN 11-6; Defs.' Mot. Summ. J. Ex. F, DN 11-7). Defendants aver, and Plaintiff does not dispute, that the email and accompanying amended judgment were not initially emailed to Department of Corrections officials. When officials received the information, however, an email was immediately sent directing that Plaintiff be released. (Defs.' Mot. Summ. J. Ex. G, DN 11-8). Plaintiff was discharged the following day. (Defs.' Mot. Summ. J. Ex. H, DN 11-9).

Plaintiff filed this case as a *pro se* inmate alleging violations of his rights under 42 U.S.C. § 1983. (Compl., DN 1). Pursuant to 28 U.S.C. § 1915, the Court conducted a review of the complaint, dismissing some claims and Defendants and allowing others to move forward. (Mem. Op. & Order, DN 5). Two claims remain: (1) a claim that Defendants Runyell Shirley and Jodi Williams knew or should have known that Plaintiff was due to be fully released from custody; and (2) a claim that Defendants Hilary Rucker, Kimberly Thompson, Ben Mitchell, Josephine Jacovino, Robert Bearden, Cassandra West, and Nicole Wilder failed to ensure that Plaintiff was released without additional supervision. (Mem. Op. & Order 6-8). The Court construed these as claims brought under the Fourteenth and Eighth Amendments. (Mem. Op. & Order 8).

## II.     JURISDICTION

The Court has subject matter jurisdiction over this matter because Plaintiff's Section 1983 claim presents a federal question. 28 U.S.C. § 1331.

## III.     STANDARD OF REVIEW

In ruling on a motion for summary judgment, the Court must determine whether there is any genuine issue of material fact that would preclude entry of judgment for the moving party as a matter of law. See Fed. R. Civ. P. 56(a). The moving party bears the initial burden of stating the basis for the motion and identifying evidence in the record that demonstrates an absence of a genuine dispute of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If the moving party satisfies its burden, the non-moving party must then produce specific evidence proving the existence of a genuine dispute of fact for trial. *See Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 247-48 (1986).

While the Court must view the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show the existence of some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citation omitted). Rather, the non-moving party must present specific facts proving that a genuine factual dispute exists by "citing to particular parts of the materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute . . . ." Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient" to overcome summary judgment. *Anderson*, 477 U.S. at 252.

## IV. <u>DISCUSSION</u>

Defendants argue they are entitled to summary judgment on the basis of qualified immunity. (Defs.' Mem. Supp. Mot. Sum. J. 3-6, DN 11-1). Qualified immunity shields government officials from civil liability unless the conduct at issue violates clearly established rights. *Quigley v. Toung Vinh Thai*, 707 F.3d 675, 680 (6th. Cir. 2013). "Thus, a defendant is entitled to qualified immunity on summary judgment unless the facts, when viewed in the light most favorable to the Plaintiff, would permit a reasonable juror to find that: (1) the defendant violated a constitutional right; and (2) the right was clearly established." *Bishop v. Hackel*, 636 F.3d 757, 765 (6th Cir. 2011) (citing *Pearson v. Callahan*, 555 U.S. 223, 232 (2009)). The court may analyze either prong first. *Quigley*, 707 F.3d at 681. Once a defendant raises the defense of qualified immunity, the Plaintiff carries the burden of demonstrating that qualified immunity is inappropriate. *Silberstein v. City of Dayton*, 440 F.3d 306, 311 (6th Cir.2006).

To begin, the right which Plaintiff asserts has been violated—his right not to be detained past the expiration of his term of incarceration under the Fourteenth and Eighth Amendments—is one the Sixth Circuit has recognized as being established "beyond dispute." *Shorts v. Bartholomew*, 255 F. App'x 46, 51-52 (6th Cir. 2007) (collecting cases and noting that the right is established both via the Due Process Clause of the Fourteenth Amendment and the Cruel and Unusual Punishment Clause of the Eighth Amendment). Therefore, the second prong of the qualified immunity standard is satisfied, and the only issue is whether the facts, taken in the light most favorable to the Plaintiff, could lead a reasonable juror to conclude Defendants violated Plaintiff's rights.

As previously noted, the above facts are not in dispute. Plaintiff's sole argument opposing summary judgment is that the April 28 note in Plaintiff's file and subsequent email demonstrate

that Defendants knew of the improper SOCD designation and failed to do anything about it. (Pl.'s Resp. Defs.' Mot. Summ. J. 10-12, DN 13). Moreover, both parties have identified and do not dispute the relevant legal test to determine whether Defendants violated Plaintiff's clearly established constitutional rights:

> To establish § 1983 liability in this context, a plaintiff must [1] first demonstrate that a prison official had knowledge of the prisoner's problem and thus of the risk that unwarranted punishment was being, or would be, inflicted. [2] Second, the Plaintiff must show that the official either failed to act or took only ineffectual action under circumstances indicating that his or her response to the problem was a product of deliberate indifference to the prisoner's plight. [3] Finally, the Plaintiff must demonstrate a causal connection between the official's response to the problem and the infliction of the unjustified detention.

*Shorts*, 255 F. App'x at 55 (quoting *Sample v. Diecks*, 885 F.2d 1099, 1110 (3d Cir. 1989)).

In this instance, Plaintiff has demonstrated, and Defendants have conceded, that KSR officials were aware that Plaintiff should not be assigned SOCD status. The note in Plaintiff's file and subsequent email show as much. Where Plaintiff fails is in demonstrating that the officials took no action or took ineffectual action demonstrating deliberate indifference. Defendants have presented an email from the same day the error was realized that sought to inform the Jefferson Circuit Court of the perceived error. The ultimate result of that email was an amended judgment forty-three days later that released Plaintiff from the halfway house.

While it is unclear what occurred between April 28, 2016, and June 15, 2016, when the Department of Corrections received the amended judgment, Plaintiff has presented no evidence that Defendants acted with deliberate indifference. It was Plaintiff's burden to demonstrate that a constitutional violation occurred in this time period, and Plaintiff has failed to do so. *Shorts*, 255 F. App'x at 55. "[D]eliberate indifference is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action [or inaction.]" *Id*. at 53 (alteration in original) (internal quotation marks omitted) (quoting *Bd. of Comm'rs of Bryan*

*Cty. v. Brown*, 520 U.S. 397, 410 (1997). Defendants claim, and Plaintiff does not dispute, that the amended judgment was not sent to the Department of Corrections, and when they received a copy, they acted immediately. Moreover, unlike in *Moore v. Tartler*, 986 F.2d 682 (1993), where officials incarcerated the plaintiff because of a misinterpretation of a court order, the officials here were abiding by the clear mandate of the sentencing court, however flawed. *Id.* at 684.

The Court recognizes that the Complaint raises serious concerns and does not condone a situation where anyone is incarcerated beyond the length of their sentence. *See id.* at 687. It cannot be said, however, "that this investigation was so inept or ineffectual that deliberate indifference . . . may be inferred from the evidence here." *Id.* That Plaintiff's Judgment of Conviction and Sentence contained an error subjecting him to an additional forty-three days in custody is regrettable, but viewing the facts in a light most favorable to Plaintiff nonetheless commands a conclusion that Defendants were not deliberately indifferent. Therefore, Defendants are entitled to qualified immunity, and the case must be dismissed.

## V.  CONCLUSION

For the forgoing reasons, **IT IS HEREBY ORDERED** as follows:

1. Defendants' Motion for Summary Judgment (DN 11) is **GRANTED**. Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**.

2. The Clerk shall strike this matter from the active docket.

Greg N. Stivers, Chief Judge
United States District Court

January 18, 2019

cc: counsel of record